[No. 4959.]

## TRINE v. THE PEOPLE.

1. **Statutory Construction.**

Section 1, c. 97, Session Laws 1903, omitting penal clause, reads: "It shall be unlawful for any county, city, town or school district officer in this state to buy, purchase, trade in or acquire, either directly or indirectly, any county, city, town or school district warrant or any other evidence of county, city, town or school district indebtedness of the county of which he is such officer at that time." Query: Does the omission of the words, "city, town, or school district," after the last word, "county," render the statute a nullity so far as such officers are concerned, and operate only as to county officers?—P. 475.

2. **Practice in Criminal Cases—Information and Indictments— Sufficiency—Judicial Notice.**

An indictment alleging that the defendant "* * * did then and there, being then and there a city officer, to wit, City Treas-

urer of the City of Pueblo, unlawfully buy, purchase, trade in, and acquire certain city warrants of the said City of Pueblo," states no offense under section 1, c. 97, Session Laws 1907, making it unlawful for a city officer to buy any city warrants, as the court cannot take judicial notice that the City of Pueblo, referred to in the indictment, is the City of Pueblo, in the County of Pueblo, and State of Colorado.—P. 476.

*Error to the District Court of Pueblo County.*
*Hon. Louis W. Cunningham, Judge.*

Z. V. Trine was convicted of buying city warrants, and he brings error.                    *Reversed.*

Mr. N. C. MILLER, attorney general, and Mr. W. R. RAMSAY, assistant attorney general, for the people.

Messrs. HARTMAN & BALLREICH, attorneys for defendant.

The plaintiff in error, defendant below, was indicted for the violation of section 1, chapter 97, Laws of 1903, which, omitting the penal clause, provides:

"Section 1. It shall be unlawful for any county, city, town or school district officer in this state to buy, purchase, trade in or acquire, either directly or indirectly, any county, city, town or school district warrant, or any other evidences of county, city, town or school district indebtedness of the county of which he is such officer at the time."

The indictment, omitting the caption and title, reads as follows:

"The grand jurors, chosen, selected and sworn, in and for the county of Pueblo, in the name and by the authority of the people of the state of Colorado, upon their oaths present that Z. V. Trine, on the 4th day of February, A. D. 1904, at the county of Pueblo, state of Colorado, did then and there, being then and there a city officer, to wit: City Treasurer of the city of Pueblo, unlawfully buy, purchase, trade in and

acquire certain city warrants of the said city of Pueblo, said warrants being of the value of $10,000.21, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Colorado.''

A motion to quash for the reason that the indictment failed to charge an offense under, or known to, the laws of this state, was overruled. On September 1, the cause was tried to a jury, the defendant convicted and sentenced to pay a fine of $25 and costs. To this judgment this writ of error is prosecuted.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The error assigned upon the overruling of the motion to quash presents the question whether a city officer, or any of the enumerated officers other than the county treasurer, are within the inhibition of the statute. It is contended by counsel for plaintiff in error that the omission of the words ''city, town, or school district,'' following the word ''county'' in the sixth line of the section, renders the statute a nullity so far as these officers are concerned, and operative only as to county officers.

One of my associates agrees with the writer that this position is well taken, but, since all the members of this department do not concur in this view, we do not determine the question at this time, since we are of the opinion that the motion to quash should have been sustained because the indictment fails to state that the defendant was a treasurer of a city in this state, or that he bought, purchased, acquired, or traded in warrants of a city in this state. The language of the indictment is ''*   *   *   did then and there, being then and there a city officer, to wit: City Treasurer of the city of Pueblo, unlawfully buy, purchase, trade in and acquire certain city warrants of

the said city of Pueblo," etc.  The court cannot take judicial notice that the city of Pueblo referred to in the indictment is the city of Pueblo in the county of·Pueblo and state of Colorado.

It is unnecessary to notice the further assignments of error, some of which are well taken, since the judgment must be reversed and the cause dismissed for the reason given.          *Reversed.*

Chief Justice Gabbert and Mr. Justice Bailey concur.